WILLIAM H. LIGGETT *et al.*, Appellants, v. FRANK M. JOHNSTON, Defendant; JAMES R. MARSH, Interpleader, Respondent.

St. Louis Court of Appeals, February 12, 1895.

1. **Practice, Appellate:** SUFFICIENCY OF APPELLANT'S STATEMENT. The statement of an appellant does not satisfy either the statutory requirements or the rules of this court, when it does not contain any synopsis of the evidence on which the instructions are predicated, nor even refer the court to the portions of a voluminous record where that evidence can be found.

2. **Instructions:** REFUSAL OF INSTRUCTION AS TO MATTER ALREADY COVERED. The refusal of an instruction is not erroneous, when the matter contained in it has been already covered by other instructions given to the jury.

3. **Consistency of Instructions.** The instructions given in this cause are considered, and *held* not to be contradictory when read in connection with each other.

*Appeal from the Wright Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*W. D. Harryman* and *F. Marion Wilson* for appellants.

*W. L. Pitts* and *Upton & Skinker* for respondent.

ROMBAUER, P. J.—The plaintiffs are attaching creditors of Frank M. Johnston, and the interpleader claims the property attached under a purchase from Johnston. The only controversy upon the trial seems to have been as to whether the purchase was made in good faith. The case was tried before a jury, who found for the interpleader. The errors complained of

by the appealing plaintiffs relate exclusively to the action of the court in giving and refusing instructions. Complaint is also made of the exclusion of a part of the deposition of a witness, but, as the part thus excluded was clearly hearsay, we will not notice that complaint any further.

We say the controversy *seems to have been*, because the appellants' statement gives neither a synopsis of the evidence on which the instructions are predicated, nor a reference to those parts of a typewritten record of one hundred and fifty-five pages where the evidence can be found. It is needless to say that such a statement is neither that "clear and concise statement of the case" which is required by section 2301 of the Revised Statutes, nor a compliance with rule 15 of this court which requires a printed abstract of at least so much of the record as is necessary *for a full understanding* of all the questions presented to this court for decision.

The court at the instance of plaintiffs charged the jury in six instructions. We reproduce three of these instructions, because they fully cover the hypothetical facts which the plaintiffs now claim should have been submitted to the jury by their refused instructions. The instructions thus given are as follows:

"The jury are instructed that they may, in order to determine whether Marsh, the interpleader, had knowledge of the intent of Johnston to defraud or hinder or delay his creditors, if such intention has been shown as to Johnston, take into consideration the acts and conduct of Marsh and Johnston, as well as all the facts and circumstances surrounding the whole transaction between them in the matter of the sale and purchase of the store, and the amount paid for the goods; and if the jury believe from the evidence that sufficient knowledge or information was obtained by Marsh to

put a reasonably prudent man on inquiry, then the jury have the right to infer that Marsh had knowledge of the fraudulent character of the transaction, if they further find that it was fraudulent.

"The court declares the law to be that every transfer or sale of goods or property made with the intent or purpose to hinder or delay or defraud creditors is utterly void as to creditors. If, therefore, the jury believe from the evidence that Johnston, in selling his stock of goods to Marsh, intended to defraud or to hinder or delay his creditors, and that Marsh, knowing or having sufficient knowledge to put him on inquiry whereby he could have found out that Johnston was selling for the purpose of defrauding or hindering or delaying his creditors, your verdict should be for plaintiffs."

"The court instructs the jury that, if they believe from the evidence that the interpleader Marsh purchased the drug store of Johnston secretly and at a gross inadequacy of value, then this is a circumstance the jury may take into consideration in determining whether the said Marsh participated in the fraudulent intent of the said Johnston, or had knowledge of such facts as would put a reasonable man upon inquiry, if you find that there was a fraud on the part of Johnston as defined in these instructions."

The two instructions refused covered the same ground, in general terms, in telling the jury that they must consider every circumstance surrounding the transaction in determining whether it was fraudulent or not. As it is not claimed that there were any other suspicious circumstances surrounding the transaction, except those stated in the instructions given, we are at a loss to see how the plaintiffs were prejudiced by the refusal of these two instructions. The refusal of instructions, though they may be otherwise unobjectionable,

is never error, where the ground is sufficiently covered by instructions given. Multiplicity of instructions in such cases has a tendency to confound rather than to enlighten a jury.

Touching the interpleader's instructions, which were given and which are now complained of, this may be said: The first of these instructions tells the jury distinctly that knowledge of a fraudulent purpose was knowledge of such facts as would put a reasonable man upon inquiry. In the other two instructions the words "knowledge of intent" are used without any such qualification. The second instruction for plaintiffs tells the jury that, if sufficient knowledge or information was obtained by Marsh to put a reasonable man on inquiry, then the jury had a right to infer knowledge on his part. The third instruction for plaintiffs tells the jury that, if Marsh had sufficient knowledge to put him on inquiry whereby he could have found out that Johnston was selling for the purpose of defrauding or hindering or delaying his creditors, then their verdict must be for the plaintiffs. It is evident at a glance that the meaning of the word "knowledge" in this connection was sufficiently explained and qualified in all the instructions to prevent the jury from falling into the error that it meant actual knowledge.

We must conclude, therefore, that the plaintiffs' complaint that the instructions were not full enough, or that they were misleading or contradictory, is not well founded. *Van Raalte v. Harrington*, 101 Mo. 602–612.

As this is the only substantial error complained of, the judgment will be affirmed. All the judges concurring, it is so ordered.